# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**MAHMUD MORRAR,**

    Petitioner,                                             CASE NO. 2:11-CV-574
                                                             JUDGE MARBLEY
    v.                                                       MAGISTRATE JUDGE KING

**DEB TIMMERMAN-COOPER, WARDEN,**

    Respondent.

## ORDER

On October 28, 2011, the Magistrate Judge issued a *Report and Recommendation* recommending that Respondent's *Motion to Dismiss*, Doc. No. 8, be granted. *Report and Recommendation*, Doc. No. 12. This matter is now before the Court on Petitioner's objections to that *Report and Recommendation*, *Objection,* Doc. No. 14, which the Court will consider *de novo. See* 28 U.S.C. §636(b); Fed. R. Civ. P. 72(b).

In his single claim for federal habeas corpus relief, Petitioner alleges that he was denied a fair trial because the Madison County Court of Common Pleas lacked jurisdiction; Petitioner specifically alleges that the charged offenses occurred in Franklin County, rather than in Madison County. Respondent moved to dismiss the action as procedurally defaulted and the Magistrate Judge agreed. In his *Objection*, Petitioner again concedes that he did not fairly present this claim to the courts of the State of Ohio, but he argues the ineffective assistance of trial and appellate counsel as cause for his procedural default. However, because Petitioner has never presented claims of ineffective assistance of trial or appellate counsel to the state courts, those claims cannot serve to excuse Petitioner's procedural default of his substantive claim. *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000)(In order to excuse a procedural default, a claim of ineffective assistance

of counsel must itself have been preserved for federal habeas review). Petitioner also again refers to a lack of knowledge on his part as cause for his procedural default. However, as the Magistrate Judge noted, a petitioner's *pro se* status, or claimed ignorance of the law or of procedural requirements are insufficient to excuse a procedural default. *See Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004).

For the foregoing reasons and for reasons addressed by the Magistrate Judge, Petitioner's *Objection*, Doc. No. 14, is **DENIED.**

The *Report and Recommendation,* Doc. No. 12, is **ADOPTED** and **AFFIRMED.** Respondent's *Motion to Dismiss*, Doc. No. 8, is **GRANTED**. This action is hereby **DISMISSED**.

The Clerk shall enter **FINAL JUDGMENT.**

**s/Algenon L. Marbley**
ALGENON L. MARBLEY
United States District Judge